# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| In Re: | ) | Case No. 23-20605-RDB |
|---|---|---|
| THE ONE BRIDAL, LLC | ) | Chapter 11 (voluntary) |
| Debtor and Debtor-In-Possession. | ) | Subchapter V |

### SMALL BUSINESS PLAN OF REORGANIZATION
### FOR DEBTOR THE ONE BRIDAL, LLC, DATED AUGUST 29, 2023

This Plan of Reorganization is presented to you to inform you of the proposed Plan for restructuring the debt of Proponent THE ONE BRIDAL, LLC., and to seek your vote to accept the Plan.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN. IF YOU WISH TO OBJECT TO THE ADEQUACY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, THE OBJECTION DATES WILL BE PROVIDED IN A SEPARATE NOTICE.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY [DATE TO BE ANNOUNCED BY COURT AT STATUS CONFERENCE TBD]**

**THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS:**
**RYAN A. BLAY, 15095 WEST 116TH STREET, OLATHE, KS 66062.**

**A HEARING ON THE CONFIRMATION OF THIS PLAN IS SCHEDULED FOR [DATE TO BE ANNOUNCED BY COURT AT STATUS CONFERENCE TBD].**

Your rights may be affected by this Plan of Reorganization. You should consider discussing this document with an attorney.

Dated: August 29, 2023

Respectfully submitted,
WM Law

/s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR(S)

**TABLE OF CONTENTS**

I.     PLAN              Pages 3 – 18

II.    EXHIBIT A         ASSETS – Schedules A/B

III.   EXHIBIT B         MONTHLY OPERATING REPORT(S) FILED WITH THE
                         COURT

IV.    EXHIBIT C         JANUARY-MAY 2023 PROFIT AND LOSS

V.     EXHIBIT D         LEASES – Schedule G – Assumption of Executory Contracts and
                         Unexpired Leases

VI.    EXHIBIT E         PROJECTIONS OF CASH FLOW/EARNINGS POST
                         CONFIRMATION PERIOD

VII.   EXHIBIT F         LIQUIDATION ANALYSIS

Case 23-20605   Doc# 35   Filed 08/29/23   Page 2 of 55

# ARTICLE I

## 1.1     Definitions

    A.     DEBTOR: THE ONE BRIDAL, LLC.

    B.     CREDITORS: All creditors of the Debtor holding claims for unsecured debt, liabilities, demands, or claim of any character whatsoever, including any under-secured creditors.

    C.     SECURED CREDITORS: All creditors who hold a lien, security interest or other encumbrance which has been properly perfected, as required by law with respect to the property owned by the Debtor, prior to the filing of this case, or thereafter as authorized and ordered by the Court.

    D.     PRIORITY CREDITORS: All creditors who are deemed a priority under Section 507 of the Bankruptcy Code.

    E.     PLAN: Debtor's proposed reorganization plan in its present form or as it may be amended or supplemented from time-to-time hereafter.

    F.     COURT: United State Bankruptcy Court for the District of Kansas, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

    G.     CLAIM: A duly listed or timely filed claim which is allowed and ordered paid by the Court.

    H.     EFFECTIVE DATE: Fourteen (14) days after the date on which the order confirming the Plan becomes final and non-appealable.

    I.     ADMINISTRATIVE EXPENSES: Claims against the Debtor arising under 11 U.S.C. § 507(a)(1) and allowed by the Court.

## HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR

## 1.2     Nature of the Debtor's Business

The One Bridal (the "Debtor") is a wedding dress and bridal store with a physical location in Kansas City, MO , as well as an online presence at https://www.theone-bridal.com/.

The One Bridal has a total of 7 employees in addition to the owner, Ashley Jones. Ashley is the debtor's principal and representative for this bankruptcy and she operates out of the location as a manager/supervisor. The business has been operating since early 2020. Unfortunately, COVID-19 hit immediately, causing issues with wedding cancellations, supply chain issues, and other stressors. Still, The One Bridal pressed on, working to adapt to COVID-19 and thrive. The One Bridal files its own tax returns despite being structured as a pass through entity.

## 1.3     Filing of the Debtor's Chapter 11 Case

On May 31, 2023, the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Chapter 11 case is pending in the Bankruptcy Court for the District of Kansas.

## 1.4     Legal Structure and Ownership

As mentioned above, Ms. Jones owns the LLC as members with 100% membership interest each. No other parties other than Ms. Jones controls any portion of the Debtor.

3

**1.5    Debtor's Assets**

The Debtor's assets consist of two bank accounts, one at Bank of Blue Valley and the other at Bank of America.  Through these accounts, all receipts are processed and payments are made, periodic accounts receivable, furniture and fixtures, and store inventory (dresses in progress and samples) valued at $490,000 in the Debtor's schedules but fluctuating greatly week by week and month by month. The Debtor may be eligible for an Employee Retention Credit (ERC) in an unknown amount.  The Debtor also has counterclaims against Nolte's Inc. to assert based on a failure to perform the contract. The Debtor is seeking to retain all its collateral of through this Plan of Reorganization except the ever changing inventory.  A list of assets marked as **Exhibit A** is attached in the form of Schedule A/B from Debtor's petition.

**1.6    Debtor's Liabilities**

The Debtor has no secured claims scheduled.  However, Kalamata Capital Group LLC filed a secured claim of $91,890 based on a UCC filing.  All other filed claims are unsecured.

The Debtor has several priority claims - $3017.17 in back salary owed to Ashley Jones, the Debtor's principal, as well as tax liability.  The Debtor is investigating the IRS claim of just over $14,000 based on estimated claims.  Along with that, there are tax debts to the Kansas Department of Revenue (KDOR).  KDOR filed two claims – one for sales tax and the other for withholding taxes.  The Debtor is working with its accountants to produce the necessary reports to examine the claims and determine whether an objection needs to be filed to either after necessary reports are filed. .

There are some general unsecured debts schedules as well, totaling over $300,000, including the amounts owed to the Debtor's prior landlord.

**1.7    Current and Historical Financial Conditions**

The Debtor's biggest struggle has been reducing expenses while ensuring sales stay strong.  The Debtor believes that its cash flow will be greatly improved without daily and other periodic payments made to Merchant Cash Advance loans.  In addition, while the Debtor would have preferred to remain in its prior location in Lenexa, it was simply far more cost effective to move to a downtown Kansas City location and start fresh, setting aside over $150,000 in arrears.

The Debtor believes that if it is allowed to reorganize, it can now pay operating costs along with secured and priority creditors to maintain its inventory load and ultimately grow the inventory to develop a more robust sales approach.

Unsecured creditors holding allowed claims will receive an amount equaling not less than would have been paid under Chapter 7 of the Bankruptcy Code.  See attached copies of Debtor's Monthly Operating Reports filed since the filing of the bankruptcy case, for the month of June 2023 Marked as **Exhibit B**. (July 2023's is in preparation, and the Debtor anticipates filing this and perhaps August 2023's operating report before any hearing on confirmation of this Plan)  Additionally, see the Profit and Loss Statement from January-May 2023, marked as **Exhibit C**.

**1.8** <u>**Events Leading to the Filing of the Bankruptcy Case**</u>

The primary driver of the bankruptcy filing was the unsustainable payments to merchant cash advance loans like Kalamata Capital Group, Lendr, and Fundbox. It was also dealing with litigation with Nolte's as well as eviction proceedings with The District at City Center LLC. These loans and litigation issues were sapping the Debtor's cash reserves and preventing a growth in inventory. The Debtor would also like to increase salaries to its hourly employees and pay a steadier wage to its principal.

**1.9** <u>**Significant Events During the Bankruptcy Case**</u>

Since the filing of the bankruptcy the following is a list of significant events:

- The Debtor received approval to employ WM Law as counsel.
- The District at City Center LLC obtained relief from the automatic stay to pursue eviction proceedings in state court.
- The Debtor is working on a motion to employ accountants for the estate, complete 2022 tax returns, and file operating reports on a timely basis.

**1.10** <u>**Projected Recovery of Avoidable Transfers**</u>

The Debtor does not anticipate any litigation to seek recovery of avoidable transfers.

# ARTICLE 2

## <u>THE PLAN</u>

The Debtor's Plan must describe how its Creditors will be paid. Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment. For example, Administrative Expenses and Priority Tax Claims are not classified.

As required by the Code, the Plan places Claims and Equity Interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of Claims or Equity Interests is impaired or unimpaired. A Claim or Equity Interest can be impaired if the Plan alters the legal, equitable or contractual rights to which the Claimants are otherwise entitled. If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. Also, a class of Equity Interests holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

**2.1** <u>**Unclassified Claims**</u>

5

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses such as attorney fees are not classified. They are not considered impaired, and holders of such Claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class.

## A. Administrative Expenses

The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant. If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1. If the Debtor trades in the ordinary course of business following its filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the goods or services provided. This ordinary trade debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary business practices and terms between the Debtor and its trade Creditors.

2. If the Debtor received goods it has purchased in the ordinary course of business within twenty (20) days before the Petition Date, the value of the goods received is an Administrative Expense.

3. Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 case. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment.

The following chart lists the Debtor's estimated Administrative Expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
| --- | --- | --- |
| Expenses arising in the ordinary course of business after the Petition Date | None | Payment through the Plan as follows: |
| Administrative Tax Claim | None | Payment through the Plan |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | None | Payment through the Plan as follows: |
| Professional fees, as | Counsel estimates post- | After Bankruptcy Court approval, |

6

| | | |
|---|---|---|
| approved by the Bankruptcy Court | filing fees at approximately $10,000, exclusive of any funds held in trust. | Payment through the Plan as follows: Retainer to be paid from funds held in Attorney's Trust Account, then $500 per month for 20 months.<br><br>Additional fees paid by Debtor, after Bankruptcy Court approval. |
| Clerk's Office fees | None | Paid in full on the Effective Date. |
| Other Administrative Expenses | None | Payment through the Plan as follows: |
| Trustee | G. Matt Barberich Jr. | Upon application under § 330 and after Bankruptcy Court approval, payment through the Plan as follows: Within 30 days of Order of Approval or as negotiated with the Trustee.  Debtor anticipates these expenses to total approximately $2,500.00 |

### B.  Priority Tax Claims

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding five (5) years from the order of relief.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Internal Revenue Service (Claim 10) | $14,033.08 | Estimated 2022-2023 taxes | Payment Treatment:<br><br>Interest rate: 5%<br><br>Paid in full no later than 60 months of the petition date (May 31, 2023) by 36 consecutive payments of $323.17 monthly beginning December 1, 2023 Any nonpriority portion will be treated as a general unsecured claim.  The Debtor expects to object to this claim if and when reports are filed if the claim is not timely amended. |
| Kansas Department of Revenue (Claim | $12,219.38 total, $11,535.62 | Sales and Withholding Taxes, 2022- | Payment Treatment:<br><br>Interest rate:  5% |

7

| 5 and Claim 6) | priority (Claim 5); $25,872.77 total, $21775.32 priority (Claim 6) | 2023 | | Paid in full no later than 60 months of the petition date (May 31, 2023) by 48 consecutive payments of $767.13 monthly beginning December 1, 2023. Any nonpriority portion will be treated as a general unsecured claim. |

The Debtor believes there may be an adjustment pending from the Internal Revenue Service as a result of reports to be filed and will remain in communications with the proof of claim filer to determine if there are additional credits pending. If the Debtor receives any credits for pre-petition payments made after this Plan has been confirmed, the Debtor may elect to have the liabilities with the IRS reduced accordingly and apply those credits or seek funds to pay into this Plan and account for those at the end of the fiscal year funds are received.

## 2.2 Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

### A. Classes of Secured Claims

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims.

All fees required to be paid by 28 U.S.C. § 1930(a)(6)("United States Trustees Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on the or before the Effective Date of the Plan will be paid on the Effective Date.

Under § 506 of the Code, if the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim.

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1 | Secured claim of: Kalamata Capital Group LLC<br><br>Collateral description: Judgment; Purchase of Future Receivables<br>UCC Filing with Kansas Secretary of State on | No | Unimpaired | Treatment of Lien:<br><br>Regular monthly payments of $1907.49 paying principal at contractual 9% interest rate.<br><br>Kalamata retains lien until the secured claim is paid. |

8

| | November 19, 2021.<br><br>Detailed agreement:  ALL DEBTOR'S PRESENT AND FUTURE ACCOUNTS AND THE DIRECT AND INDIRECT PROCEEDS THEREOF. NOTICE PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN. THE FURTHER ENCUMBERING OF WHICH MAY CONSTITUTE THE TORTIOUS INTERFERENCE WITH THE SECURED PART'S RIGHT BY SUCH ENCUMBRANCES IN THE EVENT THAT ANY ENTITY IS GRANTED A SECURITY INTEREST IN DEBTOR'S ACCOUNTS, CHATTEL PAPER OR GENERAL INTANGIBLES CONTRARY TO THE ABOVE, THE SECURED PARTY ASSERTS A CLAIM TO ANY PROCEEDS THEREOF RECEIVED BY SUCH ENTITY.<br><br>Allowed Secured Amount: $91,890 (presumed valid) | | | Payments begin:<br>December 1, 2023<br>Payments end:<br>November 1, 2028 |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

### B.  Classes of Priority Unsecured Claims

Certain priority Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim.  However, a class of holders of such Claims may vote to accept different treatment.

9

The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| N/A | Priority unsecured claims pursuant to Section 507(a)(1), (4), (5), (6), and & (7) **Ashley Jones, $3017.17 (no claim filed, presumed valid)** | Unimpaired | 24 Payments of $125.72 beginning December 1, 2023 and ending November 1, 2025, paying the claim in full with no interest. |

### C. Classes of General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. [Insert description of §1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of Classes 6 through 8, which contain general unsecured Claims against the Debtor:

| Class # | Description | Insider? (Yes or No) | Impairment |
|---|---|---|---|
| 2 | General unsecured class<br><br>Includes:<br>Scripps Media (Claim 2, $20438.17); Capital One (Claim 3, $76,851.07)  Lendr Online (Claim 4, $45,084.32), Opportunity Action Fund, (Claim 7, $6367.29), Chase (Claim 8, $3972.95) American Express (Claim 9, $2085.62), Evergy (Claim 11, $2398.63 unsecured), Nolte's (Claim 12, $63911.23), Fundbox (Claim 13, $52,358.34), The District at City Center LLC (Claim 14, $144760.40) as well as portions of Claim 5 and 6 of the Kansas Department of Revenue that are unsecured. | Impaired | For the unsecured claims, General Unsecured Creditors shall share in payments from disposable monthly income following years 1-5.  The Debtor does not anticipate having funds available to pay general unsecured creditors in Year 1 of the plan due to administrative costs. |
| | To the extent creditors are listed in the schedules as undisputed creditors, they are entitled to participate in payments under the plan.  However, without a claim on file, it could be difficult to produce an accurate value owed or a proper payment address. The Kansas Department of Labor and Russ & Ashley Jones fall into this category. | | Based on current claims, debtor anticipates paying X % to allowed unsecured claims with pro rata payments during years _____ of the plan. |
| | | | |

### D. Classes of Equity Interest Holders

Equity Interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are Equity Interest holders. In a partnership, Equity Interest holders include both general and limited partners. In a limited liability company ("LLC"), the Equity Interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the Equity Interest holder.

The following chart sets forth the Plan's proposed treatment of the classes of Equity Interest holders: [There may be more than one class of Equity Interest holders in, for example, a partnership case, or a case where the prepetition Debtor had issued multiple classes of stock.]

| Class # | Description | Insider? (Yes or No) | Impairment |
|---|---|---|---|
| 3 | Equity Interest Holders: Ashley Jones | Unimpaired | Retain ownership interest in the LLC |

### 2.3 Estimated Number and Amount of Claims Objections

A Disputed Claim is a claim that has not been allowed or has been disallowed by a final non-appealable order, and as to which either:

(i) A proof of claim has been filed or deemed filed, and the Debtor of another party in interest has filed an objection; or

(ii) No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or liquidated.

The Debtor will have the power and authority to settle and compromise a Disputed Claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

The Debtor may object to the amount or validity of any Claim within 60 days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan. If and when a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with the Plan. [Set forth amount and number of Claims in each class that will objected to.]

| Class | Number of Claims Objected To | Amount of Claims Objected To |
|---|---|---|
|  | The Debtor does not anticipate filing any claims objections unless tax reports suggest that the Kansas Department of Revenue or IRS Claims are inaccurate.  However, to the extent future filed tax returns, amended returns, or filings indicate a change in the amount due to any taxing authority, the Debtor may initiate a claim objection within the time frame specified above. | n/a |

11

**2.4**     <u>**Treatment of Executory Contracts and Unexpired Leases**</u>

Executory Contracts are contracts where significant performance of the contract remains for both the Debtor and another party to the contract. The Debtor has the right to reject, assume (i.e., accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval. The paragraphs below explain the Debtor's intentions regarding its Executory Contracts (which includes its unexpired leases) and the impact such intentions would have on the other parties to the contracts.

Check all that apply.

**[X]**     **Assumption of Executory Contracts**

The Executory Contracts listed below shall be assumed by the Debtor unless otherwise noted. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of future performance, you must file and serve your objection to the assumption within the deadline for objecting to the confirmation of the Plan, unless the Bankruptcy Court as set an earlier date.

**The Debtor formally accepts the lease with Cottonwood Management for its commercial premises in Kansas City, MO occupied by The One Rack, and rejects all other executory contracts.**

OR

[ ]     Rejection of Executory Contracts and Unexpired Leases

The Executory Contracts shown on Exhibit ___ shall be rejected by the Debtor.

Further, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly shown on Exhibit ____, or not assumed before the date of the order confirming the Plan.

Rejection means that the Debtor has elected not to continue to perform the obligations under such contracts or leases. If the Debtor has elected to reject a contract or lease, the other party to the contract or lease will be treated as an unsecured Creditor holding a Claim that arose before the bankruptcy was filed.

**2.5**     <u>**Means for Implementation of the Plan**</u>

Upon Confirmation of the Plan, the Debtor shall make direct payments to all the secured, priority and general unsecured creditors per the provisions above, unless otherwise noted, from its income and

any contributions from the Debtor's principal. Debtor believes the market for its services continues to stabilize following lifting of the restrictions from the COVID-19 pandemic.

Upon Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtor. The Debtor expects to have sufficient cash on hand to make the payments required on the Effective Date.

Pursuant to 11 U.S.C. § 1192(c)(2)(A), all of the projected disposable income of the Debtor to be received in the 3-year period, or such longer period not to exceed five (5) years as the Court may fix, beginning on the date that the first payment is due under the Plan will be applied to make payments under the Plan.

## 2.6     **Disbursing Agent**

Distributions to Creditors provided for in this Plan will be made by <u>THE ONE BRIDAL, LLC., directly.</u>

## 2.7     **Post-Confirmation Management**

The Post-Confirmation Officers/Management of the Debtor, and their compensation, shall be as follows:

| Name | Position | Compensation |
|------|----------|--------------|
| Ashley Jones | Owner | Ms. Jones will each receive a monthly salary, estimated at $5,000 per month.  This is subject to future review as the plan progresses. |

## 2.8     **Tax Consequences of the Plan**

**Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.**

The following are the anticipated tax consequences of the Plan: The Debtor is treated as a Sub Chapter S Corporation for tax purposes and all income and losses pass through directly to the members, who are Matt Nelson.  There should be no tax consequences to the Debtor.

## 2.9     **Projections in Support of Debtor's Ability to Make Payments Under the Proposed Plan**

Debtor has provided projected financial information. Those projections are listed in **Exhibit D**.

13

# ARTICLE 3

## FEASIBILITY OF PLAN

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

**3.1** **Ability to Initially Fund Plan**

The Plan Proponent believes that the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date.

**3.2** **Ability to Make Future Plan Payments and Operation Without Further Reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent has provided projected financial information. Those projections are listed in **Exhibit E**.

The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes (and proposed Chapter 11 plan payments), of $51,217.92 in year 1, $27,178.80 in year 2, $3,026.52_in year 3, $6,094.56 in year 4, and $11,800.32 in year 5.  The final Plan payment is expected to be paid in **November 2028**

**You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.**

Case 23-20605   Doc# 35   Filed 08/29/23   Page 14 of 55

# ARTICLE 4

## LIQUIDATION ANALYSIS

To confirm the Plan, the Bankruptcy Court must find that all Creditors and Equity Interest holders who do not accept the Plan will receive at least as much under the Plan as such Claimants and Equity Interest holders would receive a in Chapter 7 liquidation. A liquidation analysis is attached hereto as **Exhibit F.**

# ARTICLE 5

## **<u>DISCHARGE</u>**

On the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

Case 23-20605   Doc# 35   Filed 08/29/23   Page 16 of 55

## ARTICLE 6

## GENERAL PROVISIONS

### 6.1 Title to Assets

Except as otherwise provided in the Plan or in the order confirming the Plan,

(i)     confirmation of the Plan vests all of the property of the estate in the Debtor, and

(ii)    after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Equity Interests of Creditors, equity security holders, and of general partners in the Debtor.

### 6.2 Binding Effect

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

### 6.3 Severability

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### 6.4 Retention of Jurisdiction by the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters:

(i)     To make such orders as are necessary or appropriate to implement the provisions of the Plan and to resolve any disputes arising from implementation of the Plan;

(ii)    To rule on any modification of the Plan proposed under Section 1127;

(iii)   To hear and allow all applications for compensation to professionals and other Administrative Expenses;

(iv)    To resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases; and

(v)     To adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

### 6.5 Captions

The headings contained in the Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

### 6.6 Confirmation of Plan

The Debtor is a corporation. The confirmation of the Plan is treated in 11 U.S.C. § 1191 with the Discharge treated pursuant to 11 U.S.C. § 1192.

### 6.7 Modification of Plan

17

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require re-voting on the Plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if:
(i)    The Plan has not been substantially consummated and
(ii)   The Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

## 6.8    Creditor Remedies in Event of Default under Plan

A default under this Plan is defined as a failure to pay two or more consecutive payments under this plan or failure to pay any single payment for 90 days or more from a due date.   Any Creditor whose payment is in default may file a Notice of Default with this Court and provide written notice care of Debtor's counsel via e-mail or United States mail, first class.  If such default is not cured within 30 days of the Notice of Default, the Creditor may elect to assert a restoration of security interests at contract amounts still owed, and the right of the Creditor to seek liquidation of non-exempt assets.

## 6.9    Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case.  Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

Dated: August 29, 2023                    Respectfully submitted,

/s/ Ashley Jones
The One Bridal LLC
By Owner Ashley Jones

Dated: August 29, 2023                    Respectfully submitted,
WM Law

/s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR(S)

18

# EXHIBIT A

## ASSETS: Schedules A/B

19

Case 23-20605    Doc# 35    Filed 08/29/23    Page 19 of 55

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **The One Bridal, LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF KANSAS |
| Case number (if known) | |

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property
**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | | | | **Current value of debtor's interest** |
|---|---|---|---|---|
| 2. | **Cash on hand** | | | **$100.00** |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Bank of Blue Valley** | **Checking** | **8689** | **$500.00** |
| 3.2. | **Bank of America - currently in the negative** | **Checking** | **1479** | **$0.00** |

4. **Other cash equivalents** *(Identify all)*

| | | Current value |
|---|---|---|
| 5. | **Total of Part 1.** | **$600.00** |
| | Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | |

### Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1. | **security deposit with The District at City Center, LLC** | **$8,500.00** |

Case 23-20065   Doc# 35   Filed 08/29/23   Page 20 of 55

Debtor   **The One Bridal, LLC**                           Case number *(If known)* _____
                    Name

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

9.  **Total of Part 2.**                                                          | $8,500.00 |

    Add lines 7 through 8. Copy the total to line 81.

10. **Does the debtor have any accounts receivable?**

    ■ No.  Go to Part 4.
    ☐ Yes Fill in the information below.

13. **Does the debtor own any investments?**

    ■ No.  Go to Part 5.
    ☐ Yes Fill in the information below.

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☐ No.  Go to Part 6.
    ■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials** | | | | |
| 20. | **Work in progress bride's dresses - approximately 150 mainly paid for but incomplete** | | $0.00 | **Comparable sale** | $450,000.00 |
| | **dress samples - 100 dresses at about $400 per dress** | | **Unknown** | | $40,000.00 |
| 21. | **Finished goods, including goods held for resale** | | | | |
| 22. | **Other inventory or supplies** | | | | |

23. **Total of Part 5.**                                                          | $490,000.00 |

    Add lines 19 through 22.  Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**
    ■ No
    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    ■ No
    ☐ Yes. Book value _____  Valuation method _____  Current Value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                              page 2

■ No
☐ Yes

## Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

## Part 7:    Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** | | | |
| 40.  **Office fixtures** | | | |
| 41.  **Office equipment, including all computer equipment and communication systems equipment and software** <br> old computer, 3 TVs, inkjet printer, office furniture | **$0.00** | **Liquidation** | **$1,000.00** |

42.   **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| | |
|---|---|
| 43.   **Total of Part 7.** <br> Add lines 39 through 42.  Copy the total to line 86. | **$1,000.00** |

44.   **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

45.   **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

## Part 8:    Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
■ Yes Fill in the information below.

| General description <br> Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47.   **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 48.   **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 49.   **Aircraft and accessories** | | | |

Case 23-20605      Doc# 35      Filed 08/29/23      Page 22 of 55

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**
sewing machines - used                Unknown    Replacement                $2,100.00

51. **Total of Part 8.**                $2,100.00

Add lines 47 through 50. Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
■ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>**Trademark on The One Bridal and The One** | Unknown | | Unknown |
| 61. **Internet domain names and websites**<br>theone-bridal.com | $0.00 | | $0.00 |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations**<br>customer list | Unknown | | Unknown |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**                $0.00

Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
■ No
☐ Yes

Case 23-20605    Doc # 35    Filed 08/29/23    Page 23 of 55

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

   ■ No
   ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

   ■ No
   ☐ Yes

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☐ No. Go to Part 12.
   ■ Yes Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 71. **Notes receivable**<br>Description (include name of obligor) | |
| 72. **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. **Interests in insurance policies or annuities**<br>**worker's compensation and umbrella insurance on**<br>**assets through State Farm** | $0.00 |
| 74. **Causes of action against third parties (whether or not a lawsuit**<br>**has been filed)** | |
| 75. **Other contingent and unliquidated claims or causes of action of**<br>**every nature, including counterclaims of the debtor and rights to**<br>**set off claims**<br>**Debtor has employed counsel to seek leave to file**<br>**counterclaims against Nolte's Inc. in case 22CV02057**<br>**based on failure to perform plaintiff's side of contract** | Unknown |
| Nature of claim **counterclaim** | |
| Amount requested **$0.00** | |
| 76. **Trusts, equitable or future interests in property** | |
| 77. **Other property of any kind not already listed** *Examples:* Season tickets,<br>country club membership | |
| 78. **Total of Part 11.**<br>Add lines 71 through 77. Copy the total to line 90. | $0.00 |

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

   ■ No
   ☐ Yes

Case 23-20605     Doc# 35     Filed 08/29/23     Page 24 of 55

Debtor **The One Bridal, LLC**        Case number *(If known)* _____
      Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $600.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $8,500.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $490,000.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $1,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $2,100.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.........................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $502,200.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $502,200.00 |

Case 23-20605    Doc# 35    Filed 08/29/23    Page 25 of 55

# EXHIBIT B

## MONTHLY OPERATING REPORTS FILED WITH THE COURT

**See June 2023 Monthly Operating Report attached**

**July 2023 report is in preparation**

**August 2023 report is due in September 2023 and will be filed after this Plan has been submitted.**

DISTRICT OF   Kansas

In Re. The One Bridal, LLC

§
§
§
§

Debtor(s)

Case No.   23-20605

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2023          Petition Date: 05/31/2023

Months Pending: 1          Industry Classification: | 4 | 4 | 8 | 1 |

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):          8

Debtor's Full-Time Employees (as of date of order for relief):          8

**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☐  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☒  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer

/s/ Ashley Jones

Signature of Responsible Party

08/25/2023

Date

Ashley Jones

Printed Name of Responsible Party

8801 Penrose Lane, Lenexa, KS  66219

Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)          1

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $125 | |
| b. Total receipts (net of transfers between accounts) | $100,910 | $100,910 |
| c. Total disbursements (net of transfers between accounts) | $84,975 | $84,975 |
| d. Cash balance end of month (a+b-c) | $16,060 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $84,975 | $84,975 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory (Book ○ Market ○ Other ● (attach explanation)) | $450 |
| d. Total current assets | $500,000 |
| e. Total assets | $50,000 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $15,574 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $15,574 |
| k. Prepetition secured debt | $98,190 |
| l. Prepetition priority debt | $47,344 |
| m. Prepetition unsecured debt | $771,700 |
| n. Total liabilities (debt) (j+k+l+m) | $932,808 |
| o. Ending equity/net worth (e-n) | $-882,808 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $81,346 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $26,239 | |
| c. Gross profit (a-b) | $55,107 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $15,574 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

## Part 5: Professional Fees and Expenses

|  |  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* |  | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* |  |  |  |  |  |
|  | Firm Name | Role |  |  |  |  |
| i | WM Law | Lead Counsel | $0 | $0 | $0 | $0 |
| ii |  |  |  |  |  |  |
| iii |  |  |  |  |  |  |
| iv |  |  |  |  |  |  |
| v |  |  |  |  |  |  |
| vi |  |  |  |  |  |  |
| vii |  |  |  |  |  |  |
| viii |  |  |  |  |  |  |
| ix |  |  |  |  |  |  |
| x |  |  |  |  |  |  |
| xi |  |  |  |  |  |  |
| xii |  |  |  |  |  |  |
| xiii |  |  |  |  |  |  |
| xiv |  |  |  |  |  |  |
| xv |  |  |  |  |  |  |
| xvi |  |  |  |  |  |  |
| xvii |  |  |  |  |  |  |
| xviii |  |  |  |  |  |  |
| xix |  |  |  |  |  |  |
| xx |  |  |  |  |  |  |
| xxi |  |  |  |  |  |  |
| xxii |  |  |  |  |  |  |
| xxiii |  |  |  |  |  |  |
| xxiv |  |  |  |  |  |  |
| xxv |  |  |  |  |  |  |
| xxvi |  |  |  |  |  |  |
| xxvii |  |  |  |  |  |  |
| xxviii |  |  |  |  |  |  |
| xxix |  |  |  |  |  |  |
| xxx |  |  |  |  |  |  |
| xxxi |  |  |  |  |  |  |
| xxxii |  |  |  |  |  |  |
| xxxiii |  |  |  |  |  |  |
| xxxiv |  |  |  |  |  |  |
| xxxv |  |  |  |  |  |  |
| xxxvi |  |  |  |  |  |  |

| | | | | | |
|---|---|---|---|---|---|
| | xxxvii | | | | |
| | xxxvii | | | | |
| | xxxix | | | | |
| | xl | | | | |
| | xli | | | | |
| | xlii | | | | |
| | xliii | | | | |
| | xliv | | | | |
| | xlv | | | | |
| | xlvi | | | | |
| | xlvii | | | | |
| | xlviii | | | | |
| | xlix | | | | |
| | l | | | | |
| | li | | | | |
| | lii | | | | |
| | liii | | | | |
| | liv | | | | |
| | lv | | | | |
| | lvi | | | | |
| | lvii | | | | |
| | lviii | | | | |
| | lix | | | | |
| | lx | | | | |
| | lxi | | | | |
| | lxii | | | | |
| | lxiii | | | | |
| | lxiv | | | | |
| | lxv | | | | |
| | lxvi | | | | |
| | lxvii | | | | |
| | lxviii | | | | |
| | lxix | | | | |
| | lxx | | | | |
| | lxxi | | | | |
| | lxxii | | | | |
| | lxxiii | | | | |
| | lxxiv | | | | |
| | lxxv | | | | |
| | lxxvi | | | | |
| | lxxvii | | | | |
| | lxxvii | | | | |

Case 23-20605    Doc # 354    Filed 08/29/23    Page 30 of 55

| | | | | | |
|---|---|---|---|---|---|
| | lxxix | | | | |
| | lxxx | | | | |
| | lxxxi | | | | |
| | lxxxii | | | | |
| | lxxxii | | | | |
| | lxxxiv | | | | |
| | lxxxv | | | | |
| | lxxxvi | | | | |
| | lxxxvi | | | | |
| | lxxxvi | | | | |
| | lxxxix | | | | |
| | xc | | | | |
| | xci | | | | |
| | xcii | | | | |
| | xciii | | | | |
| | xciv | | | | |
| | xcv | | | | |
| | xcvi | | | | |
| | xcvii | | | | |
| | xcviii | | | | |
| | xcix | | | | |
| | c | | | | |
| | ci | | | | |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| | i | | | | | |
| | ii | | | | | |
| | iii | | | | | |
| | iv | | | | | |
| | v | | | | | |
| | vi | | | | | |
| | vii | | | | | |
| | viii | | | | | |
| | ix | | | | | |
| | x | | | | | |
| | xi | | | | | |
| | xii | | | | | |
| | xiii | | | | | |
| | xiv | | | | | |

Case 23-20605    Doc# 354    Filed 08/29/23    Page 31 of 55

| | | | | | |
|---|---|---|---|---|---|
| xv | | | | | |
| xvi | | | | | |
| xvii | | | | | |
| xviii | | | | | |
| xix | | | | | |
| xx | | | | | |
| xxi | | | | | |
| xxii | | | | | |
| xxiii | | | | | |
| xxiv | | | | | |
| xxv | | | | | |
| xxvi | | | | | |
| xxvii | | | | | |
| xxviii | | | | | |
| xxix | | | | | |
| xxx | | | | | |
| xxxi | | | | | |
| xxxii | | | | | |
| xxxiii | | | | | |
| xxxiv | | | | | |
| xxxv | | | | | |
| xxxvi | | | | | |
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |

Case 23-20605    Doc# 354    Filed 08/29/23    Page 32 of 55

| | | | | | |
|---|---|---|---|---|---|
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxvii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |

UST Form 11-MOR (12/01/2021)　　　　7

| | | | | | | |
|---|---|---|---|---|---|---|
| | xcix | | | | | |
| | c | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | |

### Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $4,316 | $4,316 |
| d. | Postpetition employer payroll taxes paid | $4,316 | $4,316 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $11,258 | $11,258 |
| g. | Postpetition other taxes paid (local, state, and federal) | $11,258 | $11,258 |

### Part 7: Questionnaire - During this reporting period:

| | | |
|---|---|---|
| a. | Were any payments made on prepetition debt?  (if yes, see Instructions) | Yes ○  No ◉ |
| b. | Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) | Yes ○  No ◉ |
| c. | Were any payments made to or on behalf of insiders? | Yes ○  No ◉ |
| d. | Are you current on postpetition tax return filings? | Yes ◉  No ○ |
| e. | Are you current on postpetition estimated tax payments? | Yes ◉  No ○ |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ◉  No ○ |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○  No ◉ |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ○  No ○  N/A ◉ |
| i. | Do you have:  Worker's compensation insurance? | Yes ◉  No ○ |
| | If yes, are your premiums current? | Yes ◉  No ○  N/A ○  (if no, see Instructions) |
| | Casualty/property insurance? | Yes ◉  No ○ |
| | If yes, are your premiums current? | Yes ◉  No ○  N/A ○  (if no, see Instructions) |
| | General liability insurance? | Yes ◉  No ○ |
| | If yes, are your premiums current? | Yes ◉  No ○  N/A ○  (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ○  No ◉ |
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ◉ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◉  No ○ |

Debtor's Name The One Bridal, LLC                                    Case No. 23-20605

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |

l. Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)?    Yes ◯  No ⦿

m. If yes, have you made all Domestic Support Obligation payments?    Yes ◯  No ◯  N/A ⦿

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

/s/ Ashley Jones
_____
Signature of Responsible Party

Owner/Managing Member
_____
Title

Ashley Jones
_____
Printed Name of Responsible Party

08/25/2023
_____
Date

Case 23-20605   Doc# 34   Filed 08/29/23   Page 35 of 55



PageOnePartOne



PageOnePartTwo



PageTwoPartOne



PageTwoPartTwo

UST Form 11-MOR (12/01/2021)

10

Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

UST Form 11-MOR (12/01/2021)                    11



PageThree



PageFour

## Bank of Blue Valley
### a division of HTLF Bank
700 Locust Street, Suite 600 | Dubuque, IA 52001

**ADDRESS SERVICE REQUESTED**

THE ONE BRIDAL
8801 PENROSE LN
LENEXA KS 66219-8196

### Managing Your Accounts

|  |  |  |
|---|---|---|
| 🏛 | | Bank of Blue Valley<br>a division of HTLF Bank |
| 👤 | Customer Care Center: | 877.280.1862 |
| 💻 | Website: | BankBV.com |

### Change in Terms
Effective Immediately
Deposits at Automatic Teller Machines

For deposits (cash and checks) made at ATMs owned or operated by the Bank, the first $225 of your deposit will be available immediately. The portion of your deposit over $225 will be available on the first business day after the day of your deposit, unless it is subject to one of the exceptions mentioned above. **ATM Deposits made after 7:00 PM Mountain Time will be processed on the next business day.** ATMs owned or operated by the Bank will be labeled as such.

**Bold** indicates change.

### Summary of Accounts

| Account Type | Account Number | Ending Balance |
|---|---|---|
| BUSINESS CHECKING | XXXXXX8689 | $8,466.59 |

## BUSINESS CHECKING-XXXXXX8689

### Account Summary

| Date | Description | Amount |
|---|---|---|
| **06/01/2023** | **Beginning Balance** | **$173.12** |
| | 29 Credit(s) This Period | $52,834.78 |
| | 83 Debit(s) This Period | $44,541.31 |
| **06/30/2023** | **Ending Balance** | **$8,466.59** |
| | Service Charges | $10.00 |

### Deposits

| Date | Description | Amount |
|---|---|---|
| 06/01/2023 | DEPOSIT | $500.00 |
| | | 1 item(s) totaling $500.00 |

### Other Credits

| Date | Description | Amount |
|---|---|---|
| 06/06/2023 | Beam-Premium ePay<br>*The One Bridal, LLC*<br>*KS24224* | $552.85 |
| 06/07/2023 | MERCH BANKCARD | $1,363.68 |

Case 23-20605    Doc# 35    Filed 08/29/23    Page 39 of 55

## FOR A CHANGE OF NAME OR ADDRESS PLEASE COMPLETE THE FORM BELOW

NAME _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

SOCIAL SECURITY _____

SIGNATURE _____ DATE _____

### HOW TO BALANCE YOUR ACCOUNT

1. Subtract from your check register any service, miscellaneous, or automatic charge(s) posted on this statement, and add to your register any interest posted on this statement.
2. Mark (✓) your register after each check listed on front of statement.
3. Check off deposits shown on the statement against those shown in your check register.
4. Complete the form at right.
5. The final "balance" in the form to the right should agree with your check register balance. If it does not, read 'HINTS FOR FINDING DIFFERENCES" below.

### HINTS FOR FINDING DIFFERENCES

Recheck all additions and subtractions or corrections.

Verify the carryover balance from page to page in your check register.

Make sure you have subtracted the service or miscellaneous charge(s) from your check register balance, and added the current interest.

| NEW BALANCE TRANSFER AMOUNT FROM OTHER SIDE | | $ |
|---|---|---|
| **ADD** DEPOSITS MADE SINCE ENDING DATE ON A STATEMENT | | |
| | | |
| | | |
| **SUBTOTAL** | | |
| CHECKS NOT LISTED ON THIS OR PRIOR STATEMENTS | | |
| NUMBER | AMOUNT | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL CHECKS NOT LISTED | – – – – ➔ | |
| SUBTRACT TOTAL CHECKS NO LISTED FROM SUBTOTAL ABOVE | **BALANCE** | |

THIS SHOULD AGREE WITH YOUR CHECK REGISTER BALANCE

---

**This section applies exclusively to electronic fund transfers governed by Regulation E**

In case of errors or questions about electronic transfers, telephone us or write to us at the address printed on this statement as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

1. Tell us your name and account number (if any).
2. Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days to do this, we will recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**Balance subject to interest rate.**
Average daily balance method (including current transactions): We figure the interest charge on your account by applying the periodic rate to the "average daily balance" of your account. To get the "average daily balance" we take the beginning balance of your account each day, add any new (purchases/advances/fees), and subtract (any unpaid interest or other finance charges and) any payments or credits. This gives us the daily balance. Then, we add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "average daily balance".

---

**This section applies exclusively to information pertaining to credit extended primarily for personal, family, or household purposes.**
**WHAT TO DO IF YOU THINK YOU FIND A MISTAKE ON YOUR STATEMENT**

If you think there is an error on your statement, write to us at the address printed on this statement.

In your letter, give us the following information:
- Account information: Your name and account number.
- Dollar amount: The dollar amount of the suspected error.
- Description of the Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors in writing. You may call us, but if you do, we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following are true:

- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are

# BUSINESS CHECKING-XXXXXX8689 (continued)

## Other Credits (continued)

| Date | Description | Amount |
|------|-------------|-------:|
| | *BILLNG* | |
| | *MERCH BANKCARD 520004583393 TH* | |
| 06/07/2023 | GUSTO FEE 560523 | $207.00 |
| | *The One Bridal, LLC* | |
| | *6semjud95tp* | |
| 06/09/2023 | MERCH BANKCARD | $1,363.68 |
| | *RETRY PYMT* | |
| | *MERCH BANKCARD 520004583393 TH* | |
| 06/09/2023 | NSF REVERSAL #123459 | $417.00 |
| 06/12/2023 | GUSTO RETRY PYMT | $207.00 |
| | *The One Bridal, LLC* | |
| | *6semjud95tp* | |
| 06/12/2023 | MERCH BANKCARD | $1,875.99 |
| | *NET SETLMT* | |
| | *MERCH BANKCARD  NET SETLMT* | |
| 06/13/2023 | MERCH BANKCARD | $160.00 |
| | *NET SETLMT* | |
| | *MERCH BANKCARD  NET SETLMT* | |
| 06/13/2023 | MERCH BANKCARD | $1,363.68 |
| | *RETRY PYMT* | |
| | *MERCH BANKCARD 520004583393 TH* | |
| 06/13/2023 | MERCH BANKCARD | $1,328.60 |
| | *NET SETLMT* | |
| | *MERCH BANKCARD  NET SETLMT* | |
| 06/14/2023 | GUSTO FEE 676288 | $207.00 |
| | *The One Bridal, LLC* | |
| | *6semjuedocp* | |
| 06/14/2023 | NSF REVERSAL #123459 | $417.00 |
| 06/15/2023 | MERCH BANKCARD | $1,875.99 |
| | *NET SETLMT* | |
| | *MERCH BANKCARD  NET SETLMT* | |
| 06/16/2023 | MERCH BANKCARD | $1,488.60 |
| | *NET SETLMT* | |
| | *MERCH BANKCARD  NET SETLMT* | |
| 06/20/2023 | GUSTO RETRY PYMT | $207.00 |
| | *The One Bridal, LLC* | |
| | *6semjuedocp* | |
| 06/20/2023 | NSF REVERSAL #309 | $363.45 |
| 06/20/2023 | MERCH BANKCARD | $2,936.30 |
| | *NET SETLMT* | |
| | *MERCH BANKCARD  NET SETLMT* | |
| 06/21/2023 | PAYPAL INST XFER | $0.99 |
| | *ASHLEY JONES* | |
| | *1027684657962* | |
| 06/21/2023 | PAYPAL INST XFER | $5.00 |
| | *ASHLEY JONES* | |
| | *1027672478573* | |
| 06/21/2023 | PAYPAL INST XFER | $4.99 |
| | *ASHLEY JONES* | |
| | *1027672475205* | |
| 06/22/2023 | PAYPAL INST XFER | $15.49 |
| | *ASHLEY JONES* | |
| | *1027715651880* | |
| 06/22/2023 | PAYPAL INST XFER | $9.99 |
| | *ASHLEY JONES* | |
| | *1027727074180* | |
| 06/22/2023 | MERCH BANKCARD | $2,757.35 |
| | *NET SETLMT* | |

# BUSINESS CHECKING-XXXXXX8689 (continued)

## Other Credits (continued)

| Date | Description | Amount |
|---|---|---|
| | *MERCH BANKCARD  NET SETLMT* | |
| 06/23/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $918.54 |
| 06/26/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $2,027.84 |
| 06/26/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $13,196.40 |
| 06/27/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $300.00 |
| 06/28/2023 | ADP PAYROLL FEES ADP - FEES<br>*The One Bridal, LLC*<br>*531063  1734842* | $16,763.37 |

28 item(s) totaling $52,334.78

## Other Debits

| Date | Description | Amount |
|---|---|---|
| 06/01/2023 | DDA PUR Mori Lee L<br>*Mori Lee LLC*<br>*954-2461490 FL  #3639* | $519.78 |
| 06/01/2023 | DDA PUR QUICKBOOKS<br>*QUICKBOOKS ONLINE*<br>*HTTPSBRIDAL.V RI  #3639* | $55.00 |
| 06/01/2023 | DDA PUR GOOGLE * AD<br>*GOOGLE *ADS27647597*<br>*cc@google.com CA  #3639* | $20.12 |
| 06/01/2023 | THE GUARDIAN JUN GP INS<br>*THE ONE BRIDAL, LLC*<br>*58293200AAA0000* | $57.42 |
| 06/02/2023 | DDA PUR SOUTHWES<br>*SOUTHWES   5262460*<br>*800-435-9792 TX  #3639* | $265.98 |
| 06/02/2023 | OVERDRAFT FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/02/2023 | DDA PUR Uber Techn<br>*Uber Technologie*<br>*San Francis CA  #3639* | $16.89 |
| 06/02/2023 | OVERDRAFT FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/02/2023 | VERIZON WIRELESS PAYMENTS<br>*0000000028946836700001*<br>*028946836700001* | $234.25 |
| 06/02/2023 | OVERDRAFT FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/05/2023 | DDA PUR Walmart.co<br>*Walmart.com*<br>*Bentonville AR  #3639* | $81.98 |
| 06/05/2023 | DDA PUR DD DOORDAS<br>*DD DOORDASH CUTIEPI*<br>*855-973-1040 CA  #3639* | $28.44 |
| 06/05/2023 | OVERDRAFT FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/05/2023 | Beam-Premium ePay<br>*The One Bridal, LLC*<br>*KS24224* | $552.85 |

## BUSINESS CHECKING-XXXXXX8689 (continued)

### Other Debits (continued)

| Date | Description | Amount |
|------|-------------|-------:|
| 06/05/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/06/2023 | MERCH BANKCARD<br>*BILLNG*<br>*MERCH BANKCARD 520004583393 TH* | $1,363.68 |
| 06/06/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/06/2023 | GUSTO FEE 560523<br>*The One Bridal, LLC*<br>*6semjud95tp* | $207.00 |
| 06/06/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/08/2023 | MERCH BANKCARD<br>*RETRY PYMT*<br>*MERCH BANKCARD 520004583393 TH* | $1,363.68 |
| 06/08/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/08/2023 | RETURNED ITEM FEE #123459<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/09/2023 | GUSTO RETRY PYMT<br>*The One Bridal, LLC*<br>*6semjud95tp* | $207.00 |
| 06/09/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/09/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $1,875.99 |
| 06/09/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/12/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $160.00 |
| 06/12/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/12/2023 | MERCH BANKCARD<br>*RETRY PYMT*<br>*MERCH BANKCARD 520004583393 TH* | $1,363.68 |
| 06/12/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/12/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $1,328.60 |
| 06/12/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/13/2023 | GUSTO FEE 676288<br>*The One Bridal, LLC*<br>*6semjuedocp* | $207.00 |
| 06/13/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/13/2023 | RETURNED ITEM FEE #123459<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/14/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $1,875.99 |
| 06/14/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/15/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $1,488.60 |

# BUSINESS CHECKING-XXXXXX8689 (continued)

## Other Debits (continued)

| Date | Description | Amount |
|------|-------------|-------:|
| 06/15/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/16/2023 | GUSTO RETRY PYMT<br>*The One Bridal, LLC*<br>*6semjuedocp* | $207.00 |
| 06/16/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/16/2023 | RETURNED ITEM FEE #309<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/20/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $2,352.27 |
| 06/20/2023 | OVERDRAFT FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/20/2023 | PAYPAL INST XFER<br>*ASHLEY JONES*<br>*1027684657962* | $0.99 |
| 06/20/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/20/2023 | PAYPAL INST XFER<br>*ASHLEY JONES*<br>*1027672478573* | $5.00 |
| 06/20/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/20/2023 | PAYPAL INST XFER<br>*ASHLEY JONES*<br>*1027672475205* | $4.99 |
| 06/20/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/21/2023 | DDA PUR AMAZON DIG<br>*AMAZON DIGIT*HP8ZE1*<br>*888-802-3080 WA   #3639* | $9.99 |
| 06/21/2023 | PAYPAL INST XFER<br>*ASHLEY JONES*<br>*1027715651880* | $15.49 |
| 06/21/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/21/2023 | PAYPAL INST XFER<br>*ASHLEY JONES*<br>*1027727074180* | $9.99 |
| 06/21/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/22/2023 | OVERDRAFT FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/23/2023 | DDA PUR MON CHERI<br>*MON CHERI BRIDAL*<br>*609-5301900 NJ   #3639* | $1,700.00 |
| 06/26/2023 | DDA PUR SQ * SYVO,<br>*SQ *SYVO, LLC*<br>*AUSTIN TX   #3639* | $599.00 |
| 06/26/2023 | DDA PUR SQ * SYVO,<br>*SQ *SYVO, LLC*<br>*AUSTIN TX   #3639* | $599.00 |
| 06/27/2023 | DDA PUR MADI LANE<br>*MADI LANE*<br>*801-889-1742 UT   #3639* | $2,250.00 |
| 06/27/2023 | DDA PUR MADI LANE<br>*MADI LANE* | $799.00 |

# BUSINESS CHECKING-XXXXXX8689 (continued)

## Other Debits (continued)

| Date | Description | Amount |
|---|---|---|
| | *801-889-1742 UT   #3639* | |
| 06/27/2023 | DDA PUR MADI LANE<br>*MADI LANE*<br>*801-889-1742 UT   #3639* | $799.00 |
| 06/27/2023 | ADP PAYROLL FEES ADP - FEES<br>*The One Bridal, LLC*<br>*531063  1734842* | $16,763.37 |
| 06/27/2023 | RETURNED ITEM FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/27/2023 | PAYPAL RETRY PYMT<br>*ASHLEY JONES*<br>*1027672475205* | $4.99 |
| 06/27/2023 | OVERDRAFT FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/27/2023 | GUSTO FEE 960113<br>*The One Bridal, LLC*<br>*6semjuhfsed* | $207.00 |
| 06/27/2023 | OVERDRAFT FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/27/2023 | FATTMERCHANT 90F61143-3<br>*ASHLEY JONES*<br>*855-550-3288* | $299.00 |
| 06/27/2023 | OVERDRAFT FEE<br>*NONSUFFICIENT FUNDS* | $35.00 |
| 06/28/2023 | DDA PUR STATE FARM<br>*STATE FARM  INSURAN*<br>*800-956-6310 IL   #3639* | $678.58 |
| 06/28/2023 | DDA PUR STATE FARM<br>*STATE FARM  INSURAN*<br>*800-956-6310 IL   #3639* | $309.58 |
| 06/28/2023 | PAYPAL RETRY PYMT<br>*ASHLEY JONES*<br>*1027684657962* | $0.99 |
| 06/28/2023 | PAYPAL RETRY PYMT<br>*ASHLEY JONES*<br>*1027672478573* | $5.00 |
| 06/28/2023 | PAYPAL RETRY PYMT<br>*ASHLEY JONES*<br>*1027715651880* | $15.49 |
| 06/28/2023 | PAYPAL RETRY PYMT<br>*ASHLEY JONES*<br>*1027727074180* | $9.99 |
| 06/28/2023 | MERCH BANKCARD<br>*NET SETLMT*<br>*MERCH BANKCARD  NET SETLMT* | $131.22 |
| 06/29/2023 | DDA PUR SQ * SYVO,<br>*SQ *SYVO, LLC*<br>*gosq.com TX   #3639* | $599.00 |
| 06/29/2023 | DDA PUR SQ * SYVO,<br>*SQ *SYVO, LLC*<br>*gosq.com TX   #3639* | $599.00 |
| 06/30/2023 | SERVICE FEE | $10.00 |

80 item(s) totaling $43,343.86

## Checks Cleared

| Check Nbr | Date | Amount | Check Nbr | Date | Amount | Check Nbr | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 309 | 06/16/2023 | $363.45 | 123459* | 06/08/2023 | $417.00 | 123459 | 06/13/2023 | $417.00 |

\* Indicates skipped check number

3 item(s) totaling $1,197.45

## BUSINESS CHECKING-XXXXXX8689 (continued)

**Daily Balances**

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 05/31/2023 | $173.12 | 06/12/2023 | -$3,949.02 | 06/23/2023 | $998.19 |
| 06/01/2023 | $20.80 | 06/13/2023 | -$1,790.74 | 06/26/2023 | $15,024.43 |
| 06/02/2023 | -$601.32 | 06/14/2023 | -$3,077.73 | 06/27/2023 | -$5,937.93 |
| 06/05/2023 | -$1,334.59 | 06/15/2023 | -$2,725.34 | 06/28/2023 | $9,674.59 |
| 06/06/2023 | -$2,422.42 | 06/16/2023 | -$1,877.19 | 06/29/2023 | $8,476.59 |
| 06/07/2023 | -$851.74 | 06/20/2023 | -$873.69 | 06/30/2023 | $8,466.59 |
| 06/08/2023 | -$2,702.42 | 06/21/2023 | -$968.18 | | |
| 06/09/2023 | -$3,074.73 | 06/22/2023 | $1,779.65 | | |

**Service Charge Summary**

| Description | Amount |
|---|---|
| Monthly Maintenance | $10.00 |
| Service Chg Waived | $10.00 |

**EXHIBIT C**

**JANUARY-May9, 2023 PROFIT AND LOSS**

Tax Returns for the years 2020-2021 are available upon request. Creditors who make written requests through counsel for copies of 2022 tax returns when available may receive a copy.

# The One Bridal

## Profit and Loss

January 1 - May 8, 2023

| | TOTAL |
|---|---:|
| Income | |
|   MERCHANDISE SALES - BL | 322,090.13 |
|   Refunds to Customers | -27,782.50 |
|   **Total MERCHANDISE SALES - BL** | **294,307.63** |
| **Total Income** | **$294,307.63** |
| Cost of Goods Sold | |
|   Alterations COGS | 509.75 |
|   Cost of Goods Sold | 39,722.85 |
|   Merchant Service Fees | 897.00 |
|   Shipping - Store Invoiced | 1,757.65 |
| **Total Cost of Goods Sold** | **$42,887.25** |
| **GROSS PROFIT** | **$251,420.38** |
| Expenses | |
|   1 ATTRACT - CUSTOMER ACQUISITION | |
|    1.1 MARKETING & DIRECT ADVERTISING | |
|     Google Ads | 10,543.08 |
|     Industry Ads and sites | 1,609.44 |
|     Local Promotions | 105.00 |
|     Marketing & Digital Optimization Consu | 799.00 |
|     Printed Marketing Collateral | 311.36 |
|     Social Media Ads | 1,126.32 |
|    **Total 1.1 MARKETING & DIRECT ADVERTISING** | **14,494.20** |
|    1.2 WEBSITE | |
|     Website Hosting and Domain Fees | 4,389.04 |
|    **Total 1.2 WEBSITE** | **4,389.04** |
|    1.3 EVENTS | |
|     Event - Bridal Show | 1,990.31 |
|    **Total 1.3 EVENTS** | **1,990.31** |
|   **Total 1 ATTRACT - CUSTOMER ACQUISITION** | **20,873.55** |
|   2 CONVERT | |
|    2.1 CUSTOMER EXPERIENCE | |
|     Customer Snacks/Drinks | 1,134.82 |
|     Display/Décor | 1,552.43 |
|     Music Streaming | 1,551.99 |
|    **Total 2.1 CUSTOMER EXPERIENCE** | **4,239.24** |
|    2.2 DRESSING ROOM | |
|     Dress Hangers & bust forms | 875.14 |
|    **Total 2.2 DRESSING ROOM** | **875.14** |

Case 23-20605    Doc# 35    Filed 08/29/23    Page 48 of 55

# The One Bridal

## Profit and Loss

January 1 - May 8, 2023

| | TOTAL |
|---|---|
| 2.3 STORE SPACE | |
| Cleaning & Store Supplies | 18.69 |
| Janitorial Expense | 425.00 |
| Phone/Internet | 710.80 |
| Repairs and Maintenance | 3,389.57 |
| Security | 195.60 |
| Utilities | 4,892.82 |
| **Total 2.3 STORE SPACE** | **9,632.48** |
| **Total 2 CONVERT** | **14,746.86** |
| 3 DELIVER | |
| 3.1 PAYROLL EXPENSES | |
| Employee Wages | 132,679.85 |
| Payroll Service Fees | 972.01 |
| Payroll Taxes | 13,016.56 |
| **Total 3.1 PAYROLL EXPENSES** | **146,668.42** |
| 3.2 HUMAN RESOURCES & BENEFITS | |
| Health Insurance Premiums | 1,830.81 |
| Hiring Expenses | 209.00 |
| **Total 3.2 HUMAN RESOURCES & BENEFITS** | **2,039.81** |
| 3.3 OFFICE EXPENSES | |
| Back-office Supplies | 9,249.10 |
| Software Subscriptions | 9,339.72 |
| **Total 3.3 OFFICE EXPENSES** | **18,588.82** |
| 3.4 BUSINESS & PROFESSIONAL DEVELOPMENT | |
| Business Licenses and Permits | 309.13 |
| Employee Meals & Entertainment | 12,368.78 |
| Employee Morale | 306.00 |
| Travel Expense | 5,821.35 |
| Travel Meals | 1,189.91 |
| **Total 3.4 BUSINESS & PROFESSIONAL DEVELOPMENT** | **19,995.17** |
| 3.5 INSURANCE EXPENSE | |
| General Liability Insurance | 3,681.11 |
| Health Insurance | -4,203.52 |
| **Total 3.5 INSURANCE EXPENSE** | **-522.41** |
| **Total 3 DELIVER** | **186,769.81** |
| 4 COLLECT | |
| 4.1 PROFESSIONAL SERVICES | |
| Financial Services & Consulting | 2,691.00 |
| Legal Services & Consulting | 79.98 |
| **Total 4.1 PROFESSIONAL SERVICES** | **2,770.98** |

Accrual Basis  Monday, May 8, 2023 02:34 PM GMT-05:00

2/3

# The One Bridal

## Profit and Loss

### January 1 - May 8, 2023

| | TOTAL |
|---|---:|
| 4.2 FINANCE CHARGES | |
| Bank Late Fees & Other Penalties | 321.09 |
| Bank Service Charges | 731.21 |
| Interest Expense | 7,778.25 |
| **Total 4.2 FINANCE CHARGES** | **8,830.55** |
| **Total 4 COLLECT** | **11,601.53** |
| Automobile Expense | 1,221.07 |
| **Total Expenses** | **$235,212.82** |
| NET OPERATING INCOME | **$16,207.56** |
| Other Income | |
| Credit Card Reward Redemption | 97.73 |
| **Total Other Income** | **$97.73** |
| NET OTHER INCOME | **$97.73** |
| NET INCOME | **$16,305.29** |

Case 23-20605    Doc# 35    Filed 08/29/23    Page 50 of 55

**EXHIBIT D**

**LEASES – Schedule G – Assumption of Executory Contracts and Unexpired Leases**

Debtor name   **The One Bridal, LLC**

United States Bankruptcy Court for the:   DISTRICT OF KANSAS

Case number (if known) _____

☐ Check if this is an
    amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    **12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.

    ☑ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal          Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **lease for premises in Kansas City, MO occupied by The One Rack, LLC** | |
| | State the term remaining | **15 months** | **Cottonwood Management Bank of America Center Bank of America Center Los Angeles, CA 90071** |
| | List the contract number of any government contract | | |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **lease for commercial premises in Lenexa** | |
| | State the term remaining | **4 years, 1 month** | **Woodbury Corporation 2733 E Parleys Way #300, Salt Lake City, UT 84109** |
| | List the contract number of any government contract | | |

## EXHIBIT E - PROJECTIONS OF CASH FLOW/EARNINGS
## POST CONFIRMATION PERIOD

| | **Year 1** **12/2023-11/2024** | **Year 2** **12/2024-11/2025** | **Year 3** **12/2025-11/2026** | **Year 4** **12/2026-11/2027** | **Year 5** **12/2027-11/2028** |
|---|---|---|---|---|---|
| **Gross Receipts:** [1] | $900,000 ($75,000/month) | $927,000 ($77,250/month) | $955,000 ($79,583.33/month) | $983,650 ($81,970.83/month) | $1,013,159.50 ($84,429.96/month) |
| **Expenses**: | | | | | |
| Payroll [2] | $150,000/year ($12,500/month) | $180,000/year ($15,000/month) | $192,000/year ($16,000/month) | $204,000/year ($17,000/month) | $204,000/year ($17,000/month) |
| Insurance | $10800/year ($900/month) | $12,000/year ($1000/month) | $12,000/year ($1000/month) | $12,000/year ($1000/month) | $12,000/year ($1000/month) |
| Taxes (includes payroll and sales taxes) | $108,000/year ($9,000/mo) | $120,000/year ($10,000/mo) | $132,000/year ($11,000/mo) | $132,000/year ($11,000/mo) | $132,000/year ($11,000/mo) |
| Cost of Goods Sold | $360,000/year ($30,000/month) | $370,800/year ($30,900/month) | $382,000/year ($31,833.33/month) | $393,460/year ($32,788.33/month) | $405,263.80/year ($33,771.98/month) |
| Rent and utilities | $6,000/year ($5000/month) | $66,000/year ($5,500/month) | $72,000/year ($6,000/month) | $72,000/year ($6,000/month) | $72,000/year ($6,000/month) |
| Administrative Expenses | $18,000/year ($1500/month) | $18,000/year ($1500/month) | $18,000/year ($1500/month) | $18,000/year ($1500/month) | $18,000/year ($1500/month) |
| Operating Expenses | $60,000 /year ($5,000/month) | $60,000 /year ($5,000/month) | $60,000 /year ($5,000/month) | $60,000 /year ($5,000/month) | $60,000 /year ($5,000/month) |
| Marketing/selling expenses | $36,000/year ($3000/month) | $42,000/year ($3500/month) | $42,000/year ($3500/month) | $48,000/year ($4000/month) | $48,000/year ($4000/month) |
| **Plan Payments** | | | | | |
| Administrative | $708.33 month average (including Subchapter V Trustee fees paid in lump sump) ($8,500/year) | $500 per month for 8 months ($4,000/year) | $0 | $0 | $0 |
| IRS | $323.17/month ($3878.04/year) | $323.17/month ($3878.04/year) | $323.17/month ($3878.04/year) | $0 | $0 |
| Kansas Department of Revenue | $767.13/month ($9,205.56/year) | $767.13/month ($9,205.56/year) | $767.13/month ($9,205.56/year) | $767.13/month ($9,205.56/year) | $767.13/month ($9,205.56/year) |
| Kalamata | $1907.49 /month ($22889.88/year) | $1907.49 /month ($22889.88/year) | $1907.49 /month ($22889.88/year) | $1907.49 /month ($22889.88/year) | $1907.49 /month ($22889.88/year) |
| Ashley Jones | $125.72/month | $125.72/month | $0 | $0 | $0 |

---

[1] Growth is projected at 2-3% per year given limited expansion opportunities in new space.

[2] Debtor would

23

|  | ($1508.64/year) | ($1508.64/year) |  |  |  |
|---|---|---|---|---|---|
| General Unsecured Non-Priority Claims | $0 | $1,000/month ($12,000/year) | $500/month ($6,000/year) | $500 per month ($6,000 per year) | $1,500 per month ($18,000) |
|  |  |  |  |  |  |
| **Total Plan Payments** | **$3,831.84/month ($45,982.08//year )** Year 1 | **$4,623.51/month ($55,482.12/year )** Year 2 | **$3,497.79/month ($41,973.48/year)** Year 3 | **$3,174.62/month ($44,095.44/year)** Year 4 | **$4,174.62/month ($50,095.44/year)** Year 5 |

24

# EXHIBIT F

## LIQUIDATION ANALYSIS

| | | | |
|---|---|---|---|
| **Assets:** | | | |
| Cash and funds in bank accounts | $600 | | |
| Security Deposit with The District at City Center | $8500 | | |
| Dresses (work in progress) and dress samples[3] | $156800 | | |
| Office Equipment | $1000 | | |
| Sewing Machines | $2100 | | |
| Total Value | $169000 | | |
| | | | |
| Less | | | |
| Secured claims ($91,890) | | | |
| Less | $77,110 | | |
| Hypothetical Chapter 7 Trustee Fees | | | |
| 25% of $5,000 = $1,250 | | | |
| 10% of $45,000 = $4,500 | | | |
| 5% of $101000 = $5050 | | | |
| | $10,800 | | |
| | | | |
| Total Value minus Chapter 7 Fees and secured claims | $66310 | | |
| | | | |
| Less | | | |
| Payments to priority creditors | $47344.02 | | |
| Grand Total Value | $18,965.98 | | |
| | | | |
| **Therefore, the Plan as proposed satisfies the requirements of** | | | |
| **11 U.S.C. § 1129(a)(7)(ii).** | | | |

---

[3] Dresses were listed on a purchase basis on schedules but the amount listed above is the liquidation calculation.

25

Case 23-20605   Doc# 35   Filed 08/29/23   Page 55 of 55